IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-113-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| REGINALD HILTON BELTON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's pro se motion for halfway house placement or compassionate release, (DE 96). The government has not responded to the motion and in this posture the issues raised are ripe for ruling. For the reasons stated below, the court denies the motion.

On August 30, 2019, defendant pleaded guilty to one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g). On January 9, 2020, the court sentenced defendant to 39 months' imprisonment and three years' supervised release. On January 23, 2020, defendant filed direct appeal of his judgment of conviction, which remains pending in the United States Court of Appeals for the Fourth Circuit.

On April 3, 2020, defendant filed the instant motion for halfway house placement or compassionate release. Defendant seeks compassionate release in light of his risk of contracting the communicable disease known as COVID-19 while incarcerated and because the regional jail facility where he was housed when he filed the motion[1] lacks vocational training and rehabilitation

---

[1] Since the filing of the instant motion, defendant has been transferred to a federal prison complex in Atlanta, Georgia.

programming. Defendant also alleges that he is eligible for home confinement or halfway house placement, but the BOP has delayed arranging such placement due to the pandemic.

As an initial matter, the court is without jurisdiction to grant compassionate release or otherwise modify defendant's term of imprisonment while his appeal is pending. See Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); see also United States v. Maldonado-Rios, 790 F.3d 62, 64 (1st Cir. 2015). Nevertheless, "if a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the [district] court may . . . deny the motion." Fed. R. Crim. P. 37(a)(2).

The court therefore turns to the analysis of the compassionate release motion. Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." However, before a defendant can file a motion for compassionate release in the sentencing court, he must demonstrate he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion [for compassionate release] on the defendant's behalf or the lapse of 30 days [has occurred] from receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Defendant's motion fails to establish that he exhausted administrative remedies with respect to his request for compassionate release, and the court lacks authority to waive the exhaustion requirement. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); cf. Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) ("[M]andatory exhaustion statutes . . . establish mandatory exhaustion regimes.") Accordingly, the court denies without prejudice the instant motion to the extent defendant is seeking compassionate release.

Defendant also requests a court order directing the BOP to place him on home confinement or in a halfway house. The BOP has exclusive authority to determine defendant's place of imprisonment, including home confinement, and the BOP's placement decisions are "not reviewable by any court." <u>See</u> 18 U.S.C. § 3621(b); <u>see also</u> 18 U.S.C. § 3624(c) (providing the BOP with discretionary authority to place certain prisoners in home confinement but noting "nothing in [§ 3624(c)] shall be construed to limit or restrict the authority of the [BOP Director] under section 3621"). As a result, the court is without jurisdiction to order the BOP to place defendant on home confinement or in a halfway house. <u>See</u> <u>United States v. Caudle</u>, 740 F. App'x 364, 365 (4th Cir. 2018). Defendant must submit his request for home confinement or halfway house placement to BOP officials.

Based on the foregoing, the court DENIES WITHOUT PREJUDICE defendant's motion for compassionate release or halfway house placement, (DE 96).

SO ORDERED, this the 29th day of April, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge