IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-113-FL
NO. 5:21-CR-419-FL-2

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) |  |
|  | ) | MEMORANDUM OPINION |
| REGINALD HILTON BELTON, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

These related cases came before the court for hearing on March 29, 2022, for address of counsel's motions to withdraw from representation (DE 48, 153) and defendant's pro se motion to appoint new counsel (DE 52). The court memorializes herein reasons for granting the motions to withdraw as counsel, and directing the Federal Public Defender to appoint new counsel for defendant.

**BACKGROUND**

Defendant has two pending criminal cases in this court. In 5:18-CR-113-FL, United States Probation moves to revoke supervised release, based on alleged new criminal conduct. In 5:21-CR-419-FL-2, defendant faces new criminal charges of conspiracy to distribute heroin and related substantive distribution counts. The relevant procedural history of both cases is summarized below.

A.  No. 5:18-CR-113-FL

Indictment returned April 3, 2018, charged defendant with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Diana Helene Pereira

entered her notice of appearance as court-appointed counsel for defendant on May 24, 2018. Defendant filed pro se motions to appoint new counsel on June 20 and July 3, 2018, based on counsel's alleged failure to appeal his detention order and her purported inability to devote sufficient time and resources to the case. The court granted the motions for new counsel and directed the Federal Public Defender to appoint new counsel.

On July 30, 2018, Rudolph A. Ashton entered his notice of appearance. Defendant was dissatisfied with Ashton as well, and filed pro se motion to appoint new counsel on November 14, 2018. Defendant asserted that Ashton failed to communicate with him and file pretrial motions that he requested. Before this motion was ruled on, defendant retained his own counsel, Geoffrey Hosford. The court therefore denied as moot the November 14 pro se motion for new counsel.

On June 6, June 24, July 2, and July 3, 2019, defendant filed pro se correspondence complaining about Hosford's performance, primarily his alleged lack of communication and related case delays. Defendant explained that his family was seeking return of Hosford's retainer, and he asked that the court appoint new counsel. The court held a hearing to address defendant's concerns on August 21, 2019, at which time defendant withdrew his pro se requests for appointment of new counsel.

On August 30, 2019, defendant pleaded guilty, pursuant to a written plea agreement, to possession of a firearm and ammunition by a convicted felon. On September 30, 2019, defendant filed pro se correspondence again complaining about Hosford's lack of communication and inadequate preparation. On October 24, 2019, defendant retained new counsel, Steven Wright, and Hosford moved to withdraw the following day.

Wright represented defendant through sentencing. On January 9, 2020, the court sentenced defendant to 39 months' imprisonment and three years' supervised release. Defendant

2

Case 5:18-cr-00113-FL   Document 160   Filed 04/11/22   Page 2 of 10

was released from imprisonment on February 12, 2021. On December 2, 2021, United States Probation filed motion for revocation of supervised release based on defendant's indictment in 5:21-CR-419-FL-2.

On December 7, 2021, Meredith Woods Hubbard and Margarete Linsay Boyce entered notices of appearance as counsel for defendant. On December 27, 2021, the court entered text order continuing the revocation hearing until disposition of the new criminal case. Hubbard and Boyce moved to withdraw on January 7, 2022, based on "a conflict of interest which ethically prohibits them from further representing . . . defendant in this matter and [because counsel] has further determined that continued representation . . . would not be in the defendant's best interest." (DE 142). The court granted the motion to withdraw on January 10, 2022.

On January 13, 2022, defendant's most recent attorney, Michael Fitzpatrick, entered his notice of appearance. Fitzpatrick moved to withdraw from representing defendant in both cases on March 15, 2022, as discussed further below.

B.  No. 5:21-CR-419-FL-2

Indictment returned November 17, 2021, charged defendant with: 1) conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B); 2) possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and 3) distribution of a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On December 7, 2021, Hubbard and Boyce, the same attorneys initially appointed for the revocation proceeding, entered notices of appearance for defendant. On December 14, 2021, Hubbard filed waiver of detention hearing on behalf of defendant. Based on the waiver, the court ordered defendant detained pending trial.

Hubbard and Boyce moved to withdraw from representing defendant on January 7, 2022,

based on the same reasons asserted in the revocation proceeding: that a conflict of interest "ethically prohibits them from further representing defendant" and that their continued involvement in the case would not be in defendant's best interest. (DE 36 ¶ 6). The court granted the motion to withdraw on January 10, 2021, without a hearing, and directed the Federal Public Defender to appoint new counsel. Fitzpatrick entered his notice of appearance on January 13, 2022.

On February 17, 2022, defendant filed pro se correspondence stating that his former counsel (Hubbard) waived his detention hearing without his consent, and also expressing concerns about his speedy trial rights. On February 23, 2022, the court entered text order directing defendant to act only though his appointed counsel, and instructed counsel to clarify with defendant the intent and purpose of his pro se correspondence, and file the appropriate motion, if necessary. Fitzpatrick did not file any motions related to the detention hearing or speedy trial issues. Defendant, however, continued to send pro se correspondence and motions to the court, despite express instructions to act only through his appointed attorney.

On March 1, 2022, defendant, through counsel, moved to continue arraignment. The court granted the motion that same day. Arraignment is presently set for the May 3, 2022, term of court.

On March 15, 2022, Fitzpatrick moved to withdraw from representation. The government does not oppose the motion. Fitzpatrick reported that "communications with [defendant] have created a conflict of interest for undersigned counsel to continue to represent [defendant]. This conflict of interest directly impacts undersigned counsel's ability to take substantive action in the representation of [defendant]." (DE 48 ¶ 3). In addition, Fitzpatrick reported a "breakdown of the attorney-client relationship" but did not provide further details. (<u>Id.</u> ¶ 4). On March 17, 2022, the court set hearing on the motions to withdraw (filed in both cases) for March 29, 2022.

Also on March 17, defendant filed pro se motion to appoint new counsel. Defendant alleges Fitzpatrick neglected his case by failing to return calls or respond to emails from Hubbard, which delayed release of defendant's "motion for discovery." (DE 52 at 1–2). Defendant further requested that the court appoint one of four specific attorneys that he identified in the motion.

At hearing on March 29, 2022, Fitzpatrick affirmed that the breakdown in attorney-client communication was such that continued representation was not feasible, and that an ethical conflict of interest prevented further representation of defendant. When the court inquired further, counsel stated that the attorney-client privilege and confidentiality rules prevented him from further discussing the specific grounds for the motion to withdraw.

The court also turned attention to defendant's reasons for requesting substitute counsel. Defendant reported communication with Fitzpatrick was not as expeditious or frequent as he desired, and that Fitzpatrick had delayed requesting his discovery from former counsel. Finally, the court directed Fitzpatrick and defendant to attempt to resolve their differences in a brief private conference. This conference was unsuccessful and Fitzpatrick renewed his motions to withdraw when court reconvened. As explained further below, the court ultimately granted the motions to withdraw, directed the Federal Public Defender to appoint new counsel, and denied as moot defendant's pro se motion for new counsel.

**COURT'S DISCUSSION**

A.  Applicable Standard

"In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. "It has long been recognized that the right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S.

5

Case 5:18-cr-00113-FL   Document 160   Filed 04/11/22   Page 5 of 10

759, 771 n.14 (1970). However, the Sixth Amendment's guarantee of effective assistance of counsel is not an unqualified right. United States v. Gallop, 838 F.2d 105, 107 (4th Cir. 1988). "Such right must not obstruct orderly judicial procedure and deprive courts of the exercise of their inherent power to control the administration of justice." Id. at 108.

When presented with a motion to withdraw from representation, the court considers three factors: 1) timeliness of the motion; 2) the reasons for the motion; and 3) "whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." United States v. Blackledge, 751 F.3d 188, 194 (4th Cir. 2014); see also United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994); Gallop, 838 F.2d at 108. When a defendant raises a seemingly substantial complaint about counsel, the judge has an obligation to inquire thoroughly into the factual basis of defendant's dissatisfaction." United States v. Smith, 640 F.3d 580, 594 (4th Cir. 2011). Relatedly, [w]hile motions to substitute counsel often arise at the defendant's urging, when the attorney also seeks to withdraw, the court must thoroughly inquire into the factual basis of any conflicts asserted by counsel." Blackledge, 751 F.3d at 194.

In addressing the nature of the conflict, the court must consider "whether the conflict complained of is genuine or merely a transparent plot to bring about delay." Smith, 640 F.3d at 591. "A district court may consider whether a purported breakdown in attorney-client communication is, in fact, another such dilatory tactic." Id. Importantly, "[e]ven if a breakdown is genuine, after granting one or more substitution motions a court may well decline to grant further motions if it finds that yet another substitution would not remedy the problem." Id.

Moreover, "[a] court can properly refuse a request for substitution of counsel when the defendant's own behavior creates the problem." United States v. DeTemple, 162 F.3d 279, 289 (4th Cir. 1998). "The district court is not compelled to substitute counsel when the defendant's

6

own behavior creates a conflict." United States v. Morsley, 64 F.3d 907, 918 (4th Cir. 1995). For example, in Morsley, the United States Court of Appeals for the Fourth Circuit found no error in a denial of motion for substitution, observing that it was "apparent that any difficulties [the defendant] was experiencing were due to his own belligerence." 64 F.3d at 918. Similarly, in United States v. Muslim, the court affirmed a district court decision to deny a motion to withdraw prior to sentencing, noting

> Defendant's conduct was a major causative factor. Counsel Beam stated that Defendant would not "talk to [him] about anything in the PSR," and this was evidenced by the months-long delay in filing Defendant's objections to the PSR. Moreover, in its denial of the motion to withdraw, the district court observed that this was the third time Defendant had followed the same general pattern with his court-appointed attorney, i.e., filing allegations against them, refusing to cooperate with them, and filing State Bar complaints. Nevertheless, despite Defendant's behavior, Counsel Beam had visited the jail, filed motions, and even investigated Defendant's allegations of Government misconduct. Reviewing the record, we thus conclude this factor too weighs in favor of the affirming the district court's decision.

944 F.3d 154, 166–67 (4th Cir. 2019) (citations omitted).

B.  Analysis

Here, the court found that the motions to withdraw as counsel were justified under the foregoing standard. The motions clearly were timely, having come four months after indictment in 5:21-CR-419-FL-2 and where arraignment has not yet occurred. See, e.g., Mullen, 32 F.3d at 896 (describing a motion filed 33 days prior to trial as "a timely request"). Although counsel stated he could not provide detailed reasons for his motions to withdraw without breaching attorney-client privilege or confidentiality rules, the court found in the unique circumstances presented that counsel's assertions that an ethical conflict prevented further representation and that a complete breakdown in communication had occurred were sufficient to justify withdrawal of counsel. See Blackledge, 751 F.3d at 195–197. In this context, the court observes the inherent

7

difficulty in requirement that it "probe deeply into the basis of [counsel's asserted conflict of interest]" where the attorney maintains, as here, that such an inquiry would require breaching the attorney-client privilege. See id. at 195. The court probed as deeply as possible without ordering appointed counsel to breach asserted ethical rules. Accordingly, the court allowed counsel's motions to withdraw.

Turning to the issue of whether new counsel should be appointed, defendant confirmed that he does not wish to proceed pro se, and requests appointment of his third attorney in 5:21-CR-419-FL-2 and his fifth appointed attorney in 5:18-CR-118-FL. In the absence of clear request to proceed pro se and appropriate waiver, the court generally cannot direct defendant to proceed pro se. United States v. Ductan, 800 F.3d 642, 651–53 (4th Cir. 2015).

Nevertheless, "an indigent criminal defendant has no constitutional right to have a particular lawyer represent him." Miller v. Smith, 115 F.3d 1136, 1143 (4th Cir. 1997). As discussed above, the court may decline to substitute counsel when the defendant's own obstreperous behavior causes the conflict of interest. Muslim, 944 F.3d at 166–67; Morsley, 64 F.3d at 918. The court therefore can require that defendant choose between his present appointed counsel and proceeding pro se, and in circumstances where he refuses to make the choice by insisting on new counsel, the court can order that defendant remain with his appointed counsel notwithstanding his objections. Ductan, 800 F.3d at 651–53; United States v. Frazier–El, 204 F.3d 553, 559–60 (4th Cir. 2000).

Here, under the unique circumstances presented, and considering counsel's asserted ethical concerns about continued representation, the court determined that defendant should be appointed new counsel. However, the court found defendant's own behavior is creating the conflicts with his attorneys. Defendant's two most recent appointed attorneys each withdrew due to ethical

8

concerns about continued representation and breakdowns in communication with defendant, strongly suggesting that defendant is insisting on courses of action that violate ethical rules. And in 5:18-CR-113-FL, defendant filed pro se motions for new counsel on at least four separate occasions, each time complaining that counsel was not working diligently on his case or communicating with him with desired frequency. And he made the same complaints about Fitzpatrick in 5:21-CR-419-FL-2.

The court further explained that, absent extraordinarily compelling circumstances, counsel assigned following this order will be defendant's final court-appointed attorney in this case. If a conflict develops between new counsel and defendant, he likely will be faced with the choice of proceeding with his current counsel or choosing to waive his right to counsel and proceed pro se. Ductan, 800 F.3d at 651–53; Frazier–El, 204 F.3d at 559–60. Defendant also was admonished that he must work with his newly appointed counsel in good faith, and he cannot direct counsel to commit ethical violations. Nor can defendant direct all aspects of case. Most trial strategy decisions, including scheduling issues, what pretrial motions to file, what evidence to be introduced, and what objections should be raised, may be made by counsel without defendant's input. Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998); see also New York v. Hill, 528 U.S. 110, 115 (2000). In particular, defendant was warned that he cannot require counsel to act on his preferred timetable.

## CONCLUSION

Based on the foregoing, the court GRANTED counsel's motions to withdraw (DE 48, 153), and directed the Federal Public Defender to appoint new counsel for defendant. Defendant's pro

se motion to appoint new counsel (DE 52) was DENIED as moot.

This the 11th day of April, 2022.

                                          _____
                                          LOUISE W. FLANAGAN
                                          United States District Judge